MISSOURI, K. & T. RY. CO. OF TEXAS v. LEABO.

(Court of Civil Appeals of Texas. Dallas. Nov. 22, 1913. Rehearing Denied Dec. 13, 1913.)

1. MASTER AND SERVANT (§ 125*)—PERSONAL INJURIES—NEGLIGENCE.

Where defendant's switching foreman, directing the running of cars in the nighttime at the rate of 10 miles an hour, failed to know the condition of the track on which they were run in consequence of which there was a collision resulting in injury to a switchman, the defendant was liable, irrespective of whether the foreman actually gave the signal to go at that rate or not.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 243–251; Dec. Dig. § 125.*]

2. APPEAL AND ERROR (§ 1033*)—PARTY ENTITLED TO COMPLAIN.

After judgment for plaintiff, defendant could not complain on appeal of the action of the trial court in submitting a ground of defense not supported by the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

3. TRIAL (§ 260*) — REQUESTS—INSTRUCTIONS ALREADY GIVEN.

A requested charge is properly refused where covered by other charges given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

4. APPEAL AND ERROR (§ 1068*)—HARMLESS ERROR—INSTRUCTIONS.

Where the evidence in a switchman's action for injuries was such that only a verdict for plaintiff could have been rendered, error, if any, in an instruction as to the negligence of defendant's foreman and yardmaster was not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4225–4228, 4230; Dec. Dig. § 1068.*]

5. DAMAGES (§ 132*)—EXCESSIVE DAMAGES—PERMANENT PERSONAL INJURIES.

A verdict of $8,500 to a switchman whose right hip and left ankle were injured, whose elbow was dislocated, and who suffered an injury in the small of the back, which injuries were permanent, leaving him disabled to perform the duties of a switchman, was not excessive.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 372–385, 396; Dec. Dig. § 132.*]

6. APPEAL AND ERROR (§ 999*)—REVIEW—VERDICT.

It is for the jury to determine the credibility of the witnesses and the weight of the evidence, and, where the appellate court cannot say that they were wrong, the verdict will not be disturbed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912–3921, 3923, 3924; Dec. Dig. § 999.*]

Appeal from District Court, Grayson County; W. M. Peck, Judge.

Action by M. J. Leabo against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Alex S. Coke, of Dallas, and Head, Smith, Maxey & Head, of Sherman, for appellant. Wolfe, Wood & Haven, of Sherman, for appellee.

RAINEY, C. J. This suit was brought by appellee to recover of appellant damages for personal injuries caused by the negligence of appellant's employés. The petition, in effect, alleged that appellee was in the employ of appellant as a switchman in appellant's freight yards west of Denison, known as Ray Switch; the switch crew was composed of a foreman, another switchman, and appellee; that an assistant yardmaster also worked in said yards, and had charge, for appellant, of the placing of cars upon the different tracks; that appellee was known as a fieldman; that the engine with which he was working was pushing a drag of cars, and it was appellee's duty as fieldman to go to the last car in the drag, and ride it down to where his foreman is located; that when the foreman boarded the head of the drag it was then appellee's duty to go some six or eight car lengths back over the drag closer to the engine to receive signals from the foreman, who was to ride the front car, and communicate such signals to the engineer; that when he took his position at this point the foreman, riding the front car of the drag, gave a come ahead signal, which appellee in turn gave to the engineer; that the engineer, acting upon said signal, started the cars forward until they reached the speed of 15 miles per hour; that the foreman then gave a stop signal, which the appellee in turn communicated to the engineer, but just as appellee gave the stop signal the entire drag of cars upon which he was riding ran into and collided with another train of cars, wrecking appellee's car, and throwing him with great violence to the track, and severely injuring him; that appellant was guilty of gross carelessness and negligence in the following particulars:

"(a) The assistant yardmaster was guilty of gross carelessness and negligence in ordering the drag of cars upon which plaintiff was riding onto track where the same were being taken, and thereby advising plaintiff and his crew that said track was clear, and had room to receive said cars, when in truth and in fact said track was not clear, but other cars were standing thereon, and said assistant yardmaster knew, or by the exercise of ordinary care should have known, that said cars were on said track, but failed to inspect said track for said cars, and negligently and carelessly ordered plaintiff's crew to go in upon said track with their drag of cars.

"(b) The foreman of plaintiff's switch crew, who was riding the front end of the drag upon which plaintiff was riding, knew, or by the exercise of ordinary care should have known, that the track upon which he had thrown the switch and lined up for plaintiff's cars had other cars upon it, and with this information carelessly and negligently gave a signal to plaintiff to be conveyed to the engineer for the engineer to shove said cars

forward at a rapid rate of speed, and said foreman negligently and carelessly permitted plaintiff to stand some six or seven car lengths from the end of said drag, and signal for said cars to come forward until the same reached the speed of, to wit, 15 miles an hour, knowing, or by the exercise of ordinary care should have known, that said cars would collide with other cars located on said track, and knew that plaintiff was ignorant of said cars being upon said track, and knew plaintiff would rely upon his signals, and ride said cars down in upon said track, and failed and refused to warn plaintiff or to give any signal whatever until said cars collided with the cars as hereinbefore set out, and plaintiff was injured.

"(c) That both the assistant yardmaster and the foreman of plaintiff's crew were guilty of gross carelessness and negligence in failing to inspect said track where they had ordered said cars to run to ascertain if the same was clear and had room for the cars which they had ordered placed thereon before ordering same sent in up said track."

Appellant answered by general and special exceptions, general denial, contributory negligence, and assumed risk. A trial resulted in a verdict and judgment for $8,500, from which appellant prosecutes this appeal.

The material allegations of plaintiff's petition were established by the evidence.

Appellant's first assignment of error is: "The court erred in giving the following portion of paragraph 4 of the main charge of the jury: 'If you believe from the evidence that the foreman of the plaintiff's crew, to wit, J. S. Shaw, knew, or by the exercise of ordinary care should have known, that the track upon which he was attempting to place said cars had other cars upon it, and, so knowing, gave a signal to plaintiff for him to convey to the engineer to shove said cars forward at a rapid rate of speed, and if you further believe from the evidence that said foreman permitted said cars to be shoved and pushed at a rapid rate of speed, so that said cars collided with other cars located on said track, and if you further believe from the evidence that, in giving said signal to move said cars at a rapid rate on said track under the circumstances, said foreman was guilty of negligence as that term has been hereinbefore defined to you and that such negligence, if any, was the direct and proximate cause of plaintiff's injury, you will, in either of said events, find for plaintiff, and assess his damages as hereinafter directed, unless you find for defendant under other instructions given you.' "

The contention is that "there was no evidence in the record warranting the submission to the jury of an issue as to whether appellant's foreman, J. S. Shaw, gave a signal to be conveyed to the engineer for said engineer to shove the cars forward at a rapid rate of speed, and appellant's liability in this case should not have been made to depend upon the determination of such an issue."

[1] The evidence shows that this accident occurred at night; that Shaw was foreman, and appellee performed his work under Shaw's direction; William Clayton was assistant yardmaster; it was Clayton's duty to know the condition of the yard, and the foreman, Shaw, is responsible for all the cars he handles; he was handling cars the night in question, and it was under his direction the cars were being placed; he ought to have known what he was doing, if he did not; the cars were being transported at the rate of 10 miles an hour, which was a rather rapid rate in the nighttime, and upon the track the condition of which as to other cars was unknown; the manner of handling the car shows such negligence of appellant's employés for which appellee is in no way responsible; that it shows appellant was liable irrespective of whether Shaw actually gave a rapid signal or not; he was controlling the train, and should not have permitted it, under the circumstances, to run in on the track.

[2] Appellant's second assignment is: "The court erred in giving the following portion of paragraph 5 of the main charge to the jury: 'On the other hand, if you believe from the evidence that defendant's assistant yardmaster did inspect the track for cars, and that he did not know, and in the exercise of ordinary care he could not have known, that there were cars on said track, or that there was not room on said track for said drag.' " The foregoing assignment is an excerpt from the fifth paragraph of the court's charge, in which the court was instructing on the ground of defense, and, if it should not be supported by the evidence, it affords no reason for complaint by appellant. Burns v. True, 5 Tex. Civ. App. 74, 24 S. W. 338.

There was evidence, however, that it was the duty of the assistant yardmaster to know the condition of the track, and that Shaw, the foreman, was misled by the statement of Clayton that there was room enough for the drag of cars to be placed upon said track.

What we have heretofore said disposes of assignments 3 and 4.

[3] The fifth assignment is based on the refusal of the court to give the following charge, to wit: "Unless you believe from the evidence that defendant's assistant yardmaster, Clayton, in directing defendant's foreman, Shaw, to place the cars on track No. 2, where the collision occurred, was guilty of negligence, that is, did that which an ordinarily prudent man would not have done under the circumstances, or unless you believe that defendant's foreman, Shaw, in directing his fellow employés to place said cars on said track No. 2, where the collision occurred, was guilty of negligence in doing as he had been directed to do by the assistant yardmaster, that is, that he

did that which an ordinarily prudent person would not have done under the circumstances, then you will find that the defendant was not guilty of negligence, and that plaintiff's injuries were the result of an accident for which the defendant is not liable, and, unless you so find, you will return a verdict in favor of the defendant."

[4] The court, in its main charge, submitted to the jury: "* * * Or if you do not believe from the evidence that said assistant yardmaster and said foreman, or one of them, were guilty of negligence, as that term has been defined to you, * * * in either of these events you will find for the defendant." This, we think, was sufficient under the circumstances, as it covered the special charge. If it should be considered not sufficient, we think the evidence is such that no other verdict should have been rendered.

[5] The sixth assignment complains that the verdict is excessive. The evidence shows that appellee was injured in his right hip, left ankle, the dislocation of one elbow, and an injury in the small of his back, and that his injuries are permanent, and that he has not physical force or energy now to perform the duties of a switchman.

[6] It is the peculiar province of the jury to determine the credibility of the witnesses, and weigh the evidence.. They have done so in this case, and we are, under the evidence, unable to say they were wrong.

Finding no reversible error in the record, the judgment of the court below is affirmed.